UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MARK D. BEAVERS,<br><br>     Petitioner,<br><br>vs.<br><br>STEVE LITTLE,<br><br>     Respondent. | Case No. 1:16-cv-00026-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court in Mark D. Beavers' habeas corpus matter is Respondent Steve Little's Motion for Partial Summary Dismissal. (Dkt. 13.) Respondent seeks summary dismissal on procedural grounds of all claims except Claim 12. (Dkt. 13.) Petitioner Mark D. Beavers has filed a Response (Dkt. 18), and Respondent has filed a Reply. (Dkt. 20.)

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

# BACKGROUND

In two separate criminal actions in the First Judicial District Court in Coeur d'Alene, Idaho, Petitioner was convicted of two counts of possession of marijuana, one count of delivery of marijuana, and two counts of trafficking in marijuana. The charges were tried in two different state jury trials. Attorney Martin Neils, of the Kootenai County Public Defender Office, represented Plaintiff at his first trial; Attorney Staci Anderson represented Plaintiff at his second trial.

In a consolidated direct appeal, all of Petitioner's convictions were affirmed. (State's Lodging B-5.) However, the sentences arising from the second criminal action were vacated, because the sentence enhancement was improperly determined. The Idaho Court of Appeals concluded that the trial court should have ordered a jury trial on the enhancement after it concluded that Petitioner's admission of prior felony convictions was involuntary.

Upon remand, a jury found facts necessary for the enhancements. Petitioner was re-sentenced on those counts on December 20, 2011, and a judgment was entered. Petitioner obtained no other relief on appeal of his sentences after remand. (State's Lodging D-4.)

Petitioner filed a post-conviction action asserting one prosecutorial misconduct claim and thirteen ineffective assistance of trial counsel claims. (State's Lodging E-1.) The state district court appointed Attorney J. Lynn Brooks to represent Petitioner. The State filed a motion for summary dismissal, and Petitioner's counsel filed a responsive

**MEMORANDUM DECISION AND ORDER - 2**

brief. The Court held a telephonic oral argument hearing on the motion. Petitioner was not present.

Several weeks after the hearing, Petitioner filed a motion for change of counsel, asserting that his counsel was ineffective for several reasons. The state court granted the State's motion for summary dismissal without addressing Petitioner's motion for change of counsel.

Petitioner was represented by Attorney Jason Pintler of the State Appellate Public Defender on appeal. The Idaho Court of Appeals affirmed summary dismissal of the post-conviction petition, and the Idaho Supreme Court denied review. (State's Lodging F-4 to F-6.)

It appears that Petitioner has satisfied most of his sentences, except the enhanced trafficking sentence, which extends to 2022.[1] He is currently on parole.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1]      *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/91682.

**MEMORANDUM DECISION AND ORDER - 3**

1. **Procedural Default**

   A. *Standard of Law Governing Procedural Default*

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have fairly presented all his federal claims at least in a petition seeking review before that court. *Id.* at 847.

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, or the right to a fair trial, without more, are insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). In *Duncan v. Henry*, the United States Supreme Court clarified that state appellate courts must not be left to guess whether a petitioner is presenting a constitutional issue:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

513 U.S. at 356-66.

The United States Court of Appeals for the Ninth Circuit has recognized at least four different ways to properly present a federal claim in state court. The first is to "explicitly" reference specific provisions of the federal Constitution or federal statutes. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001). Proper exhaustion in this manner "demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

The second way to properly present a federal issue in a state court appellate brief is to cite to federal case law that directly supports one's claim. The "citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d at 1001.

The third way is to cite "state cases involving the legal standard for a federal constitutional violation," rather than to cite a specific constitutional provision. *Castillo v. McFadden*, 399 F.3d at 999. To satisfy the exhaustion requirement, the state cases cited must "engage[] in a federal constitutional analysis." *Fields v. Waddington*, 401 F. 3d 1018, 1021 (9th Cir. 2005).

A fourth way to accomplish proper exhaustion is to "refer[] to a state constitutional right when the contours of the federal and state constitutional rights are identical." *Sanders v. Ryder*, 342 F.3d 991, 1000-01 (9th Cir. 2003). Where the state courts have held that the right under the state constitution is coextensive with the federal

constitutional right, and have analyzed both types of claims under federal standards, the

federal aspect of the claim is considered properly presented to the state courts, so long as

there is nothing in the briefing suggesting that the petitioner meant to allege

"specifically," "consistently," and "exclusively" a violation of his state constitutional

right. *Sanders*, 342 F.3d at 999 (citing *Peterson v. Lampert*, 319 F.3d 1153, 1157 (9th

Cir. 2003) (*en banc*)).

When a habeas petitioner has not fairly presented a constitutional claim to the

highest state court, and it is clear that the state court would now refuse to consider it

because of the state's procedural rules, the claim is said to be procedurally defaulted.

*Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the

following circumstances: (1) when a petitioner has raised a claim, but has failed to fully

and fairly present it as a *federal* claim to the Idaho courts (as discussed directly above);

(2) when a petitioner has completely failed to raise a claim before the Idaho courts; and

(3) when the Idaho courts have rejected a claim on an adequate and independent state

procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*,

501 U.S. 722, 750 (1991).

**B.  *Claims Presented to the Idaho Supreme Court***

Among his three state court appeals, Petitioner presented only the following five

claims to the Idaho Supreme Court for review:

> (1)    the trial court erred in Petitioner's first and second cases by refusing
> to allow Petitioner to present evidence supporting a medical
> necessity defense and to instruct the jury on that defense (State's
> Lodging B-7 (direct appeal));

(2)     the trial court erred by enhancing Petitioner's sentences in his second case based on a finding that he had been previously convicted of certain drug offenses in the first case (State's Lodging B-7 (direct appeal));

(3)     the trial court's sentence upon re-sentencing was excessive (State's Lodging D-1 (appeal after remand for re-sentencing));

(4)     the state post-conviction court erred in summarily dismissing Petitioner's "claim that his trial counsel was ineffective in failing to present evidence in support of his entrapment defense" (State's Lodging F-1 (appeal of post-conviction case)); and

(5)     the state post-conviction court erred "by failing to rule on Petitioner's motion for change of counsel" (State's Lodging F-1 (appeal of post-conviction case)).

These claims that were presented to the Idaho Supreme Court correspond to the following claims in Petitioner's federal Petition for Writ of Habeas Corpus: Claim (1) above to Claim 1, Claim (2) above to Claim 2, Claim 3(a) above to Claim 3, Claim (4) above to Claim 12, and Claim (5) above to Claim 19. Of these claims, Respondent asserts that Claims 1, 2, 3, and 19 are noncognizable and that only Claim 12 is properly exhausted.

### C. *Claims Never Presented to the Idaho Appellate Courts*

Because Petitioner presented only the five claims set forth above to the Idaho Supreme Court, it is clear that any claims in the federal petition that do not correspond to the five claims are procedurally defaulted. Petitioner presented only one ineffective assistance of counsel claim to the Idaho Supreme Court—that counsel was ineffective regarding evidence related to the entrapment defense (Claim 5 (above), corresponding to Claim 12 in the Petition for Writ of Habeas Corpus.) All other ineffective assistance of

counsel claims presented in the federal Petition are procedurally defaulted—Claims 4 through 11, and 13 through 16. Similarly, Petitioner did not present Claims 17 (prosecutorial misconduct), 20 (merits of factual disputes not fully resolved in underlying criminal proceedings) or 21(a) (fact-finding procedure inadequate). Therefore, these claims are procedurally defaulted.[2]

## 2. Cause and Prejudice

### A. *Standard of Law*

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

---

[2]     The Court separately addresses those claims that Respondent alleges are noncognizable *and* procedurally defaulted below. If the claims are noncognizable, then procedural default becomes a nonissue.

**MEMORANDUM DECISION AND ORDER - 8**

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic—errors of counsel made on post-conviction review that cause the default of other claims—the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 132 S.Ct. 1309, 1319 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a

prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 1318.

As to which defaulted claims can be heard under the *Martinez v. Ryan* exception, the United States Supreme Court has permitted the exception to be applied only to ineffective assistance of trial counsel claims, *id*. at 1320, and the Ninth Circuit Court of Appeals has expanded the exception to ineffective assistance of direct appeal counsel claims. *See Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

As to which post-conviction attorney acts or omissions can function as the "cause" to excuse the default of the claims, the United States Supreme Court has made it clear that *Martinez* does not apply to post-conviction *appeals,* only original post-conviction actions. 132 S.Ct. at 1318. A petitioner must show not simply that claims were omitted or not fully pursued in the initial post-conviction action, but that the post-conviction attorney in the initial post-conviction matter was *ineffective*, which means that (1) post-conviction counsel performed deficiently; and (2) there is a reasonable probability that such performance resulted in prejudice in the post-conviction proceedings—which is demonstrated by showing "substantiality" of the underlying ineffective assistance of trial claim. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Clabourne v. Ryan*, 745 F.3d

**MEMORANDUM DECISION AND ORDER - 10**

362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc). To show "substantiality," a petitioner must point to evidence demonstrating that the underlying ineffective assistance of trial counsel claims have "some merit," meaning that (a) trial counsel performed deficiently in handling some aspect of pretrial or trial duties; (b) and that manner of handling the duties harmed the defense, defined as a reasonable probability of a different outcome at trial. *Martinez*, 132 S. Ct. at 1318-19; see *Strickland*, 466 U.S. at 695-96.

### B. *Discussion*

The only potential subclaims that *Martinez* might apply to are Claims 4 through 11 and 13 through 16.[3] Petitioner alleges in his Response that Ms. Brooks is at fault for failing to fully develop the defaulted ineffective assistance of trial counsel claims. He must bring forward facts showing that responsibility for the default of the claims resulted from Ms. Brooks' and not Mr. Pintler's handling of their respective portions of the post-conviction case. Such facts will necessarily focus on the merit of the claims that trial counsel, Ms. Anderson, handled pretrial or trial matters in a way that harmed Petitioner's defense such that there is a reasonable probability of a different outcome at trial.

Petitioner asserts that he asked the state district court to change his counsel, but the court dismissed the claims without ruling on the motion. (State's Lodging E-1.) Petitioner generally alleges that post-conviction counsel Lynn Brooks made an effort to cover up the misdeeds of trial counsel Staci Anderson and the prosecutor. Petitioner

---

[3]        *Martinez* applies only to claims of trial or direct appeal counsel claims; therefore, all other claims are ineligible for this exception.

**MEMORANDUM DECISION AND ORDER - 11**

alleges that the state post-conviction court did not hold a full and fair hearing on the post-conviction petition because Attorney Brooks never obtained or submitted evidence in support of Petitioner's claims. Petitioner asserts that Brooks completely omitted the prosecutorial misconduct claim from Petitioner's response to the State's motion to dismiss. (State's Lodging E-1, pp. 144-45 (State's motion) &155-160 (Petitioner's response.) Petitioner further alleges that Judge Gaskill was involved in the conspiracy to cover up the prosecutorial misconduct claim by not allowing a full and fair hearing on the claim. (See Petitioner's Response, Dkt. 15.)

Petitioner alleges that his motion for change of counsel submitted to the state district court in the post-conviction matter demonstrates how Attorney Brooks engaged in various misrepresentations and acted deficiently. (See Dkt. 15.) However, if Petitioner is asserting that the *Martinez* exception applies to some of his claims, then he needs to specifically point to each fact that supports the exception for each of his defaulted claims. It is unhelpful simply to ask the Court to review his motion for change of counsel and make Petitioner's arguments for him.

The Court will provide Petitioner with an opportunity to file a separate motion for application of *Martinez* to any of his defaulted ineffective assistance of trial counsel claims. In the motion he must provide: (1) the claim number and description of his claim from his habeas petition; (2) a statement of facts discussing the act or omission of trial counsel that harmed his defense; (3) a statement showing that the act or omission of trial counsel was the result of deficient performance rather than trial strategy; (4) a statement of facts showing that Petitioner's defense was prejudiced, in other words, *why* the trial

outcome probably would have been different; and (5) an explanation why the cause of the default is his original post-conviction counsel's acts or omissions, rather than his post-conviction appellate counsel's decision not to include the claim in the appellate brief. Petitioner's motion shall be accompanied by any evidence he has to support his claims, for example, affidavits of experts showing both the testimony they would have offered at trial and that they would have been able and willing to testify at Petitioner's trial.

### 3.  Miscarriage of Justice

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review Petitioner's otherwise defaulted claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 64, 623 (1998).

Petitioner asserts that he is legally innocent—that he had a medical necessity for the marijuana he possessed. Because he does not assert factual innocence, the miscarriage of justice exception is inapplicable to him.

**MEMORANDUM DECISION AND ORDER - 13**

### 4. Claims Alleged to be Noncognizable

In its Initial Review Order, the Court identified Claims 1 through 3 as failing to state a federal claim. However, the Court informed the parties that, if a federal basis for any claim was argued to, or relied upon by, the state courts, this Court would construe Petitioner's claim on that same basis in this action.

### A. *Standard of Law*

To warrant habeas corpus relief, a petitioner must show that his conviction violates federal law, the federal Constitution, or a federal treaty. 28 U.S.C. § 2254(a). Habeas corpus relief cannot be granted on the grounds that a conviction or sentence violates the state constitution or state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of state law."); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (noting that generally federal habeas corpus is unavailable for alleged errors in interpretation and application of state law).

Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle

appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself."

*Id*. at 143-44.

### B. *Discussion of Claim 1*

Claim 1 is that the trial court denied him an opportunity to present evidence supporting a necessity defense, and failed to instruct the jury on that defense. At trial, Petitioner intended to rely on an Idaho-recognized common law defense of necessity "available to defendants claiming that they possessed and ingested marijuana for medicinal purposes." (State's Lodging B-1, p. 21.) Petitioner was permitted to testify about the facts supporting his defense, but in both trials the judge determined that Petitioner had not met the elements of the defense and was not entitled to a jury instruction on the necessity defense.

In his appellate briefing, Petitioner discussed the elements of the particular defense, how he believed he had met the elements, and why that should have warranted a necessity jury instruction. Petitioner did not mention due process, the Fourteenth Amendment, or the federal Constitution. However, in several places in his briefing, Petitioner argued that, by weighing Petitioner's evidence, the trial court shifted the burden of persuasion to Petitioner (State's Lodging B-1, pp. 27-28), which is a recognizable federal due process issue. He cited *Holmes v. South Carolina*, 547 U.S. 319, 329-31 (2006) (State's Lodging B-1, p. 33), a case which stands for the proposition that, in deciding whether to admit evidence related to a defense, a trial court should "focus on the probative value or the potential adverse effects of admitting the defense evidence"

MEMORANDUM DECISION AND ORDER - 15

instead of focusing on the strength of the prosecution's case to avoid violating a defendant's right "to have 'a meaningful opportunity to present a complete defense.'" *Id.* at 329. *Holmes* notes the intersection of state evidentiary rules and federal rights:

> "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense. This right is abridged by evidence rules that "infring[e] upon a weighty interest of the accused" and are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'"

*Id.* at 324 (citations omitted).

A review of the state appellate briefing causes the Court to conclude that Claim 1 can be construed as having a federal basis. Petitioner can proceed to the merits of this claim only to the extent that Petitioner asserts that the trial court unconstitutionally shifted the burden of persuasion to Petitioner regarding his necessity defense. The Court will not review a state law error claim; rather, Petitioner must show that the error is of a constitutional dimension.

### C. *Discussion of Claim 2*

Claim 2 is that the trial court erred in interpreting the Idaho enhancement statute for trafficking and wrongly enhanced his second trafficking conviction based on his first trafficking conviction. Petitioner's convictions occurred four months apart. At the time the State first sought enhancement of the second offense based on the first offense, the first offense had not been reduced to a conviction yet, but was only a charge. Petitioner argued on appeal that "because he had not yet been convicted in the first case when he

committed the crimes charged in his second case, the purpose of the sentencing enhancements was defeated." (State's Lodging B-5, p. 8.)

Petitioner does not state a federal basis for this claim in his federal Petition, nor did he present this claim to the Idaho courts as a federal claim. The Idaho Court of Appeals did not adjudicate the claim on any federal basis, instead relying on Idaho case law governing statutory interpretation, and determining that the plain language of the statute required rejection of Petitioner's claim. Accordingly, the Court concludes that Claim 2 has only a state law basis.

To the extent Petitioner is now trying to "federalize" the claim on habeas corpus review by asserting a federal basis for the first time, rather than in the state court proceedings, such a claim is procedurally defaulted, and no cause and prejudice have been shown to excuse the default.[4]

---

[4]     The claim appears to be meritless. To prevail on the merits, a petitioner must point to a case from the United States Supreme Court that addresses the same subject matter as the petitioner's claim, showing that the state court decision is contrary to the holding in that case. *See* 28 U.S.C. § 2254(d)(1). In its review of the law, the Court found a case somewhat similar to the facts of Petitioner's case, *Deal v. United States*, 508 U.S. 129 (1993), but the case rests on a theory of incorrect statutory interpretation, rather than unconstitutionality—which tends to support the Court's conclusion here that Petitioner's argument is one based on state statutory construction.

The statute at issue in *Deal* provided for an enhancement "upon a second or subsequent conviction." The Idaho drug trafficking enhancement statute at issue, I.C. § 37-2732B(a)(7), likewise uses the word "second," rather than word, "prior." *Deal* held that the federal statute requires a finding of guilt but not a final judgment of conviction to qualify as a first offense that can enhance the sentence for a second offense, contrary to Petitioner's argument here. Therefore, Mr. Deal, who committed six bank robberies on different dates, but was convicted of all six counts in a single criminal proceeding, was held subject to the enhancement statute. 508 U.S. at 137. *Accord, State of Utah v. Hunt*, 906 P.2d 311, 313 (Utah 1995) ("The language of § 58–37–8(1)(b) provides that an enhanced penalty is to be imposed 'upon a second or subsequent conviction.' This phrase does not address the timing of the offenses but only the number of convictions and when they are entered…. We decline to inject such an amendment into the otherwise plain language of the statute.").

**MEMORANDUM DECISION AND ORDER - 17**

### D. *Discussion of Claim 3*

Claim 3 is that Petitioner's sentences are excessive. Petitioner presented this issue as a state law claim to the Idaho Supreme Court. (See State's Lodgings D-1, D-4, and D-5.) He did not mention the Eighth Amendment or the federal Constitution. Because this claim does not have a federal basis, it is not cognizable. If Petitioner intends to raise a federal basis now, the claim is procedurally defaulted, and no cause and prejudice have been shown to excuse the default.[5]

### E. *Discussion of Claims 18 through 20, 21(b) through 24*

The standard of law set forth above prohibits a petitioner from raising state-law errors that occurred on state post-conviction review as federal habeas corpus claims. The following claims fall into that category and are noncognizable.

Claim 18 is that the state post-conviction court erred by summarily dismissing the claim that trial counsel was ineffective for failing to present evidence supporting an

---

[5]     Even if re-classified as an Eighth Amendment claim, it would not merit relief. Petitioner was sentenced within the statutory limits for his second trafficking sentence—his sentence of a mandatory minimum of one year was doubled to two years under I.C. § 37-2732B(a)(7), and his indeterminate term was set at ten years, for a total of twelve years, which was less than the maximum number of years of imprisonment permitted (fifteen years). *See* I.C. § 37-2732B(a)(1)(D).

Petitioner is unable to point to any United States Supreme Court that supports his position that his sentence is constitutionally excessive. The Supreme Court has "never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment." *Hutto v. Davis*, 454 U.S. 370, 372 (1982). *See also Rummel v. Estelle*, 445 U.S. 263 (1980) (holding that a sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual punishment in a situation where a defendant with two prior felony convictions was convicted of obtaining $120.75 by false pretenses); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (two consecutive sentences of 25 years to life in prison for a "third strike" provision of state law for stealing $150 worth of videotapes did not warrant habeas corpus relief); *Ewing v. California*, 538 U.S. 11 (2003) (same).

entrapment defense, and Claim 19 is that the state post-conviction court failed to meet due process standards by summarily dismissing his case without ruling on Petitioner's motion for change of counsel.

Claim 20 is that the state district court erred by not fully resolving the merits of factual disputes in the state court proceedings. The Petition does not specify whether Claim 20 refers to his criminal proceedings or post-conviction proceedings, but the Response to the Motion to Dismiss makes it clear that he is referring to his post-conviction matter, where he alleges that Judge Gaskill was in conspiracy with the prosecutor and Petitioner's counsel, Lynn Brooks, to deprive him of a full and fair hearing and cover up prosecutorial misconduct and trial counsel errors in the underlying criminal case.

Claim 21(b) is that, in the post-conviction case, the court failed to ensure that Petitioner was present at the evidentiary hearing, either personally or telephonically, as required by I.C. § 19-4907(b)("The applicant should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to evidence in which he participated."). (Dkt. 3, p. 26). This claim challenges only state-law procedures. It also has no factual basis. The Court held an oral argument, not an evidentiary hearing in the post-conviction matter. (State's Lodging E-3.)

Claim 22 is that the material facts were not adequately developed in the state court post-conviction hearings, presumably because the state district court held only an oral argument and not an evidentiary hearing where factual development would have occurred; the court found that Petitioner's post-conviction petition did not sufficiently

MEMORANDUM DECISION AND ORDER - 19

support his claims with facts. (State's Lodging F-2, pp. 533-36.). Claim 23 is that Petitioner "did not receive a full, fair and adequate hearing" in the post-conviction case. Finally, Claim 24 is that Petitioner was denied due process of law in the state court post-conviction proceedings. Because no federal constitutional rights arise from post-conviction errors, the claims are noncognizable.

Upon its review of the state court record, the Court notes that the record supports Petitioner's concerns that the state district court did not mention the prosecutorial misconduct claim in the order dismissing the post-conviction petition, did not hold an evidentiary hearing in the case, and did not rule on the motion for change of counsel in the post-conviction proceeding. However, any such issues that may have been errors were exclusively within the Idaho Supreme Court's jurisdiction to correct, because post-conviction rights arise from state law, not the federal Constitution.

For the reasons set forth above, the Court concludes that Claims 18 through 20 and 21(b) through 24 are noncognizable and are subject to dismissal.

## 5.  Conclusion

Petitioner may proceed to the next stage of proceedings on Claims 1 (federal issue only) and 12. The remainder of Petitioner's claims are either noncognizable and cannot be heard in a federal habeas corpus action at all, or they are procedurally defaulted and Petitioner has not shown cause and prejudice or a miscarriage of justice to excuse the default of the claims. The Court will permit Petitioner to make a *Martinez* argument for his defaulted ineffective assistance of trial counsel claims, if he desires, by separate

**MEMORANDUM DECISION AND ORDER - 20**

motion, following the instructions set forth above. Accordingly, Respondent's Motion for Summary Dismissal will be granted in part, and denied in part.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Reply (Dkt. 19) is GRANTED. The Reply filed at Docket No. 20 is considered timely.

2. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED in part and DENIED in part. Petitioner may proceed to the merits of Claim 1 (federal issue only) and Claim 12.

3. Petitioner may file a motion for application of *Martinez v. Ryan* regarding only his ineffective assistance of trial counsel claims no later than **60 days** after entry of this Order, as described above. Thereafter, Respondent may file a response.

4. Respondent shall file an answer addressing Claims 1 and 12 within **90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claims. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within 30 days after service of the answer. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: March 8, 2017

Edward J. Lodge
United States District Judge