UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK D. BEAVERS,<br><br>        Petitioner,<br><br>vs.<br><br>STEVE LITTLE,<br><br>        Respondent. | Case No. 1:16-cv-00026-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Previously in this matter, the Court dismissed all of Petitioner Mark D. Beavers' claims except Claims 1 and 12. Respondent has filed an Answer and Brief in Support of Dismissal. Dkt. 28. Petitioner was provided with an extension of time through March 14, 2019, in which to file a reply. Dkt. 65. He has elected not to file anything further in support of his claims.

The Court takes judicial notice of the parties' lodging of the state court record. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record and considered the arguments of the parties, the Court enters the following Order.

## BACKGROUND

The Idaho Court of Appeals described the facts of the underlying charges against Petitioner as follows:

> After receiving reports of a strong odor of marijuana emanating from Beavers' home, police obtained a search

> warrant. During the search of Beavers' home, police discovered forty-five growing marijuana plants, jars containing marijuana, and literature on growing marijuana. Police also discovered scales, bags, and paraphernalia. Beavers was arrested and charged with trafficking in marijuana and possession of a controlled substance with the intent to deliver [in one case].
>
> While Beavers was out on bond on those charges, he was arrested for selling marijuana to an undercover police officer. Police again obtained a search warrant for his home and discovered growing marijuana plants, seeds, bags, scales, and jars containing marijuana. Beavers was charged with trafficking in marijuana, possession of a controlled substance with the intent to deliver, and delivery of a controlled substance in [a second case].

State's Lodging B-5 at 1-2.

Petitioner was convicted of both sets of crimes in two separate cases and trials in the First Judicial District Court in Coeur d'Alene, Idaho. In the second case that is the subject of this action, he was convicted of trafficking in marijuana under Idaho Code § 37–2732(a)(1)(B); possession of marijuana with intent to deliver under I.C. § 37–2732(a)(1)(A); delivery of marijuana under I.C. § 37–2732(a)(1)(B); and sentencing enhancements.

The two sets of crimes were eventually consolidated for sentencing. The district court sentenced Petitioner to a unified term of twelve years with two years determinate for trafficking, a concurrent unified term of five years with two years determinate for possession with intent to deliver, and a consecutive sentence of three years determinate for delivery.

This habeas corpus action challenges only the second set of charges. Attorney

Martin Neils, of the Kootenai County Public Defender Office, represented Petitioner at his first trial; Attorney Staci Anderson represented Petitioner at his second trial.

## STANDARD OF LAW

### 1. AEDPA Deferential Review Standard

Federal habeas corpus relief may be granted where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A challenge to a state court judgment that addressed the merits of any federal claims is governed by Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The AEDPA limits relief to instances where the state court's adjudication of the petitioner's claim:

 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Where a petitioner contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established

federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although it identified "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S 415, 426 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive

authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

   2. **De Novo Review Standard**

In some instances AEDPA deferential review does not apply. If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for the procedural default of a claim exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(e)(1),the federal district court may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

## REVIEW OF MERITS OF REMAINING CLAIMS

1.  **Discussion of Claim 1**

Petitioner alleges that the trial court failed to permit him to present evidence to support a "necessity" defense and failed to give a "necessity" defense jury instruction. Dkt. 3, p. 12. Petitioner desired to present evidence showing that he had digestive problems that he believed could be addressed by using "medical marijuana," although he has never been able to adequately explain a causal link between his own medical necessity for the illegal drug and the act of selling marijuana to an undercover officer.

While the Petition did not clearly state a federal claim based on these allegations, the Court informed him that it would construe the claim liberally to include those federal claims that were previously presented to the Idaho Supreme Court. Dkt. 9. In its review of the state court record, the Court noted that Petitioner had relied on a United States Supreme Court case, *Holmes v. South Carolina*, 547 U.S. 319 (2006), in his state appellate briefing before the Idaho Supreme Court. *Holmes* stands for the Fourteenth Amendment due process proposition that, in determining whether to admit evidence related to a defense, a trial court should "'focus on the probative value or the potential adverse effects of admitting the defense evidence' instead of focusing on the strength of the prosecution's case"; this preferred analysis ensures that the trial court does not violate a defendant's due process right 'to have 'a meaningful opportunity to present a complete defense.'" *Id.* at 329-331.

Based on the issues raised in Petitioner's state appellate briefing, this Court determined that Petitioner could "proceed to the merits of [Claim 1] only to the extent

that [he] asserts that the trial court unconstitutionally shifted the burden of persuasion to Petitioner regarding his necessity defense." Dkt. 21 at 16 (parentheticals added). In his briefing before this Court, Petitioner has confirmed that his legal theory behind Claim 1 is that the "denial of the opportunity to present evidence in a state court proceeding … rendered the trial so fundamentally unfair as to violate due process." Dkt. 18 at 2.

On appellate review of this claim, the Idaho Court of Appeals analyzed the trial court's handling of Petitioner's offer of proof made to show that a necessity jury instruction was warranted. The Idaho Court of Appeals agreed with the trial court that the offer of proof failed to demonstrate, "either through expert testimony or other credible medical evidence, that marijuana is a medically effective treatment for his health issues[,]" and "did not present any evidence regarding his income or the price of his medications in order to demonstrate how he was unable to pay for a $15 doctor visit in order to continue to treat his symptoms." State's Lodging B-5 at 7-8.

Particularly addressing the due process question, Respondent argues that the state court record shows that the trial court did *not* unconstitutionally shift the burden of persuasion to Petitioner. The four elements to be analyzed for Idaho's common law necessity defense are: "(1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided." State's Lodging B-5 at 4.

The Idaho Court of Appeals affirmed the trial court's decision that the first and

third elements were lacking in Petitioner's offer of proof:

> At the conclusion of the offer of proof, the district court determined that Beavers failed to show that he lacked adequate legal medical alternatives to marijuana or that he was subject to a specific threat of immediate harm. Specifically, the district court found that Beavers had not presented evidence to demonstrate that he reasonably pursued medical attention prior to turning to marijuana. Further, the district court determined that the amount of marijuana at Beavers' home was not reasonable for personal use to treat a medical condition.
>
> During his offer of proof, Beavers testified that he had over thirty marijuana plants in his home and that he was utilizing those plants to alleviate his gastrointestinal problems. Beavers also testified that, after his arrest in his first case, he began to visit doctors and obtained prescription medication to treat his high blood pressure and irritable bowel syndrome (IBS). Beavers stated that he visited a doctor who allowed a sliding scale payment plan, requiring approximately $15 per visit. Beavers further testified that his high blood pressure and IBS made it difficult for him to complete daily activities, but that the medication provided by his doctor helped alleviate his symptoms. However, Beavers asserted that he stopped using the prescription medications when he developed a side effect to the IBS medication. In addition, Beavers testified that he could no longer afford to pay to see a doctor and turned again to marijuana to treat his symptoms.
>
> Again, Beavers' argument is unsupported by the record. Beavers admitted that the prescription medication provided by physicians alleviated his high blood pressure. Beavers testified that he developed a serious side effect to the IBS medication, but stopped taking both medications because he could not afford to see another doctor and preferred to use marijuana. However, during his offer of proof, Beavers did not present any evidence regarding his income or the price of his medications in order to demonstrate how he was unable to pay for a $15 doctor visit in order to continue to treat his symptoms. In addition, Beavers failed to demonstrate, either through expert testimony or other credible medical evidence, that marijuana is a medically effective treatment for his health

> issues. As such, Beavers has failed to show that a reasonable view of his testimony met the prima facie element that the treatment of his symptoms could not have been accomplished by a legal or less offensive alternative. Therefore, the district court did not err when it declined to allow Beavers to present evidence to the jury on the necessity defense. Likewise, the district court did not err when it refused to instruct the jury in Beavers' second trial on the common-law defense of necessity.

State's Lodging B-5 at 6-7. The trial court also noted that, inconsistent with his claim that he was unable to pay $15 for a doctor visit to treat his gastrointestinal problem, he testified at trial that he bought and remodeled a home, and purchased vehicles, boats, and equipment and materials needed to start his marijuana grow operation. *See* State's Lodging A-6 at 100-104.

The Idaho Court of Appeals determined that the trial court properly disallowed the necessity defense evidence and jury instruction, and the Idaho Supreme Court denied review without comment. The Idaho Court of Appeals did not particularly conduct a *Holmes* due process analysis in rejecting the claim on appeal. However, its decision rejecting the merits of the necessity defense claim is not contrary to *Holmes*. *See* 28 U.S.C. §2254(d)(1). That is, it is clear from the record that the trial court decision was not focused on the strength of the prosecution's case, but on whether Petitioner had met his burden of presenting adequate evidence addressing each of the four necessity defense elements.

Respondent persuasively argues that, while the trial court's assessment of the number of Petitioner's marijuana plants *could* be construed as assessing "the strength of the prosecution's case," *see* State's Lodging A-6, p.132, the crux of *Holmes* is forbidding

the *focus* to be on that element. 547 U.S. at 329-331. That is, assessment of the number of plants in Petitioner's home amounted only about one-quarter of the state court analysis of the necessity defense evidence. The record reflects that the trial court conducted a thorough and balanced analysis of the four elements required for a necessity defense. Much of the evidence assessed had nothing to do with the strength of the prosecution's case—including the information about Petitioner's medical condition, medical treatment history, whether the medical condition was treatable by marijuana, whether there were alternative traditional methods of treatment available, how much traditional medical treatment cost, and Plaintiff's financial status.

This Court concludes that Petitioner has failed to show that the trial court unconstitutionally shifted the burden of establishing a necessity defense, or violated Petitioner's right to have a meaningful opportunity to present a complete defense, when it refused to permit him to present his "necessity" evidence to the jury or have a corresponding jury instruction. Accordingly, the Court concludes that Petitioner is not entitled to relief on Claim 1, construed as a Fourteenth Ament due process claim. Either under AEDPA or on de novo review, the claim fails. It will be denied and dismissed with prejudice.

## 2. Discussion of Claim 12

Petitioner asserts that his trial counsel was ineffective for not allowing him an opportunity to listen to the recorded conversations between him and the confidential informant before trial began. Dkt. 3 at 19-20. Petitioner also contends that his trial

counsel failed to allow him to participate in deciding how to edit the conversations, which allegedly resulted in the jury not hearing evidence supporting the defense of entrapment. *Id*.

On post-conviction appellate review, the Idaho Court of Appeals found that the state district court correctly dismissed this claim. State's Lodging F-4 at 4. The Idaho Court of Appeals reasoned:

> Beavers has not provided specific facts showing deficiency or prejudice in his petition and supporting affidavit. . . . In his affidavit, Beavers stated that the "net" effect of trial counsel's actions "was to prevent the jury from hearing recorded evidence in support of the defense of entrapment." In his petition and affidavit, Beavers did not present any specific facts such as the content of the unedited recordings, showing how the unedited recordings supported an entrapment defense. Beavers' opinion as to the net effect of the editing provides no facts in support of the claim. Without such information, the district court was unable to objectively determine whether trial counsel was deficient and whether trial counsel's alleged deficiencies prejudiced Beavers. Thus, Beavers did not make a prima facie case of ineffective assistance of counsel and the district court properly dismissed his ineffective assistance of counsel claim.

State's Lodging F-4, pp.4-5.

This Court agrees with the outcome of the post-conviction appeal. The claim is based on vague and speculative grounds. In this action, Petitioner similarly has failed to provide facts that would show how the portions of the recordings that were edited out would have supported an entrapment defense. *Id*.; see Dkt. 3 at 19-20. Accordingly, this claim fails either on AEDPA deferential review or on de novo review.

# ORDER

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED and DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 25, 2019

David C. Nye
Chief U.S. District Court Judge